UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NATHAN E. JACOBS,

        Plaintiff,                    Case No. 1:20-cv-554

v.                                              Honorable Robert J. Jonker

UNITED STATES OF AMERICA,

        Defendant.
_____/

## **OPINION**

This is a civil rights action brought by a former pretrial detainee, purportedly under 28 U.S.C. § 1715.[1] Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] Although Plaintiff purports to bring his action unter § 1715, that section relates to the notification of state or federal officials during class action settlement. Additionally, although the complaint presumes to bring this action on behalf of "Complainant & Citizens" (Compl., ECF No. 1, PageID.1), Plaintiff has not articulated how any other putative plaintiff has been injured nor has he asserted any intention to proceed under Rule 23 of the Federal Rules of Civil Procedure. More to the point, § 1715 does not provide a claim for relief, and the Court will presume that Plaintiff intends to pursue a claim either under 42 U.S.C. § 1983 or in an action governed by *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

### Discussion

I.    **Factual allegations**

At the time he filed his complaint, Plaintiff was detained in the Ingham County Jail, presumably in anticipation of trial. Since the time he filed his complaint, Plaintiff has advised the Court that he has been released and is at home. (ECF No. 4.) Plaintiff sues the United States of America.

Plaintiff's complaint hardly presents a model of clarity. The majority of his allegations, other than his request for relief, are found in the first paragraph of his complaint:

> Now comes Nathan E. Jacobs "*qui tam*" litigant complainant, pursuant to 28 U.S.C. § 1715. Notification to appropriate federal and state official (b)(7)(B)(8) concerning state courts, and federal courts citizens detained or housed in local facilities and county jails in the United States in violation of the state courts['] 180 day rule, and the federal courts['] 120 day rule rights to speed[y] trials under the (6) Sixth Amendment Speedy Trial, Const. Art. III, Sec. 2, and cruel and unusual harsh afflictions (8) Eighth Amendment violations due to the [COVI]D-19 epidemic.

(Compl., ECF No. 1, PageID.1.) Plaintiff appears to allege that he and others have been detained in jail in violation of the state and federal speedy trial laws and the Sixth Amendment's guarantee of a speedy trial, though he does not expressly assert either *that* he was detained or *where* he was detained. However, the Court will presume that, based on Plaintiff's address listed in the complaint, he was detained in Ingham County Jail.

Plaintiff also appears to contend that this detainment during the COVID-19 pandemic violated the Eighth Amendment. Plaintiff further purports to bring his suit on behalf of himself and others as a *qui tam* action.[2]

---

[2] A *qui tam* action permits a "private party to invoke the standing of the government to collect a civil penalty or public damages" against another party. *See* 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3531.13, Westlaw (3d ed. updated Apr. 2020). However, it requires that Congress create *qui tam* relief, as it did in the False Claims Act. *Id.* Plaintiff has failed to identify, and the Court is not able to discern, any *qui tam* provision under which he may bring his action.

Plaintiff seeks release and further reasonable relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

## III. Standing

Plaintiff names "Citizens" as other plaintiffs in this action. An adult litigant who wishes to proceed *pro se* must personally sign the complaint. *See Steelman v. Thomas*, No. 87-6260, 1988 WL 54071, at *1 (6th Cir. May 26, 1988); *see also* Fed. R. Civ. P. 11(a) (stating that

"[e]very pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented"). Only Plaintiff Jacobs signed the complaint. Thus, the Court does not recognize any other individuals as plaintiffs in this action.

In addition, as a pro se litigant, Plaintiff is without authority to represent other individuals in this Court. In general, a party may plead and conduct his or her case in person or through a licensed attorney, but he may not act in a representative capacity on behalf of others. 28 U.S.C. § 1654; *Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009). Only a licensed attorney may represent other persons. *See Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969).

Furthermore, Plaintiff does not have standing to litigate the constitutional rights of other individuals. *See Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (citing *McGowan v. Maryland*, 366 U.S. 420, 429 (1961)); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). "[T]he general rule is that 'a litigant may only assert is own constitutional rigts or immunities[.]'" *McGowan*, 366 U.S. at 429 (quoting *United States v. Raines*, 362 U.S. 17, 22 (1960)).

For these reasons, to the extent that Plaintiff's claims are based on the rights of others, his complaint will be dismissed.

Plaintiff likewise fails to demonstrate that he has standing to bring this action against Defendant United States of America. For a plaintiff to invoke federal jurisdiction to bring suit in the federal courts, he must demonstrate standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561-62 (1992); *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004). Standing is central to the "case-or-controversy" requirement associated with Article III of the Constitution. *Juidice v.*

*Vail*, 430 U.S. 327, 331 (1977).  Even if the parties have not raised the issue, a court is "obligated to consider the issue *sua sponte*, if necessary." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 488 n.4 (1980) (Rehnquist, J., dissenting); *see also Juidice*, 430 U.S. at 331.  Plaintiff has the burden of demonstrating that he (1) "suffered an 'injury in fact;'" (2) that is "'fairly . . . trace[able] to the challenged action of the defendant;'" and (3) that the injury is likely to be "'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561-62 (citations omitted).  To survive review of standing at the pleading stage, Plaintiff need only make "general factual allegations of injury resulting from the defendant's conduct" to "'support the claim.'" *Id.* at 561 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)).

Here, Plaintiff cannot satisfy the second prong because he has utterly failed to demonstrate that Defendant played any role in his alleged injuries.  Plaintiff was detained in a county jail, presumably in anticipation of trial before a state court.  Beyond the location of his detention, Plaintiff has failed to allege any specific facts, much less that any supposed conduct was traceable to Defendant.  Even if Plaintiff had alleged conduct by the Defendant, it remains unclear to the Court how Plaintiff expects to overcome other obstacles including Defendant's sovereign immunity.

Accordingly, the Court will dismiss this action for lack of standing.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes

that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the Court certifies that an appeal would not be taken in good faith.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A judgment consistent with this opinion will be entered.


Dated:    August 10, 2020                /s/ Robert J. Jonker  
                                                  ROBERT J. JONKER
                                                  CHIEF UNITED STATES DISTRICT JUDGE